IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>THE NAUTILUS GROUP, INC., f/k/a DIRECT FOCUS, INC., and NAUTILUS/SCHWINN FITNESS GROUP, INC.<br><br>Defendants. | ORDER & MEMORANDUM DECISION<br><br>1:02CV00109TC |

This matter is before the court on two motions in limine to preclude the admission of expert testimony pursuant to Federal Rules of Evidence 702 and 703. Defendant The Nautilus Group, Inc. ("Nautilus"), has moved to exclude the testimony of Dr. Michael Belch on the grounds that it is irrelevant to the issues presented in this case and because Dr. Belch's survey methodology did not conform to generally accepted scientific and marketing principles applicable to false and misleading advertising claims. Plaintiff Icon Health and Fitness, Inc. ("Icon"), has moved to preclude the admission of the testimony of rebuttal expert Dr. Kenneth Bartkus on the grounds that he is inadequately qualified to rebut the testimony of Dr. Belch.[1]

### Dr. Belch

Icon retained Dr. Belch to offer his opinions relating to various advertising claims made by Nautilus in conjunction with the Bowflex exercise machine. Dr. Belch is a professor in the

---

[1] At the August 25, 2005 hearing on these matters, Icon limited its challenge of Dr. Bartkus' testimony to the alleged inadequacy of his qualifications and withdrew its motion in all other respects.

Department of Marketing at San Diego State University.  As part of his opinion preparation relating to Nautilus' advertising, Dr. Belch performed a survey to test consumer comprehension of several of the advertising statements at issue in this case.

Dr. Belch testified at the August 25, 2005 hearing on this motion that he prepared the questions for the survey which was distributed and administered by Luth Research of San Diego, California.  Dr. Belch's survey utilized one page from Nautilus' websites and, based upon that page, asked the respondents questions regarding their perceptions of the advertisement.  At the conclusion of the survey, Luth provided a summary of the results to Dr. Belch which he used to formulate his opinions regarding the consumer understanding of the statements at issue in this case.

Nautilus argues that the opinions and survey of Dr. Belch should be excluded from trial because they are irrelevant and misleading.  The Tenth Circuit has found that expert opinions may be excluded from trial "because the proffered testimony [is] irrelevant to the issue at hand." Phillips v. Hillcrest Med. Ctr., 244 F.3d 790, 801 (10th Cir. 2001).  Federal Rule of Evidence 702 imposes a special obligation upon district courts to ensure that all expert testimony admitted at trial is reliable and relevant.  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999).

Nautilus contends that Dr. Belch's opinions and survey shed no light on whether Nautilus' advertisements are false or misleading and are therefore not relevant.   Nautilus points to the court's December 21, 2004 Order on cross-motions for summary judgment.  In its order, the court declined to consider the opinions and conclusions of Dr. Belch as they were not determinative of the issue of whether the subject advertisements were false.  At the August 25, 2005 hearing, however, Dr. Belch clarified that the survey was intended to measure consumer comprehension of the samples of the accused statements.  The survey did not test whether the

advertisements were false, but what the respondents understood the message of the advertisements to be. Accordingly, Dr. Belch's opinions and survey evidence are relevant to the issue of consumer confusion upon a finding of falsity by the jury.

Nautilus further argues that Dr. Belch's survey results should be excluded at trial because he did not employ a proper methodology under the standards set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993). Specifically, Nautilus alleges that: (1) the survey sampled the wrong universe; (2) the internet survey failed to implement basic precautions; and (3) the survey design and execution was misleading.

"To be reliable under Daubert, an expert's scientific testimony must be based on scientific knowledge which 'implies a grounding in the methods and procedures of science' based on actual knowledge, not 'subjective belief or unsupported speculation.'" Dodge v. Cotter Corp., 328 F.3d 1212, 1222 (10th Cir. 2003) (citing Daubert, 509 U.S. at 590). Expert opinions "must be based on facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation . . . absolute certainty is not required." Gomez v. Martin Marietta Corp., 50 F.3d 1511, 1519 (10th Cir. 1995) (quotation omitted). While a court may exclude evidence because there "is simply too great an analytical gap between the data and opinion proffered," that is not the case here. Dodge, 328 F.3d at 1222 (citing General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997).

At the August 25, 2005 hearing on this issue, Dr. Belch testified extensively on the reasoning behind his survey and the universe selected. It is clear from his testimony that Dr. Belch applied a generally-accepted methodology in preparing and conducting this survey. The court notes that it appears that the universe for this survey may have been more specifically defined, that more safeguards may have been implemented, and, most importantly, that the

3

questions may been more carefully composed so as to directly and without bias address the issues in this case. This, however, is an insufficient basis on which to exclude Dr. Belch's testimony.

It is not the place of the court to determine whether scientifically-based evidence is, in fact, correct, only whether it is admissible. Goebel v. Denver and Rio Grand Western R.R. Co., 346 F.3d 987, 994 (10th Cir. 2003). "Generally, the [court] should focus on an expert's methodology rather than the conclusions it generates." Dodge, 328 F.3d at 1222. In Daubert, the Supreme Court wrote: "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. Despite the claimed deficiencies in Dr. Belch's survey evidence, there are no grounds upon which to exclude his testimony.

### Dr. Bartkus

Nautilus has retained Dr. Bartkus to rebut the expert testimony of Dr. Belch. Dr. Bartkus is a Professor of Marketing at Utah State University and the Director of Marketing Research and Communications. Dr. Bartkus has been teaching at the university level since 1986 and holds a Ph.D. in Marketing from Texas Tech University. Icon has moved to exclude the testimony of Dr. Bartkus on the grounds that he is not qualified to rebut the testimony of Dr. Belch.

Rule 702 requires that an expert witness be "qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. See also Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 969 (10th Cir. 2001). Icon argues that Dr. Bartkus is not qualified as an expert in the area of consumer surveys and that Dr. Bartkus has no experience in the preparation or administration of copy test surveys, the type of survey conducted by Dr. Belch.

The Tenth Circuit has held that: "[a]s long as an expert stays 'within the reasonable

confines of his subject area,' . . . a lack of specialization does not affect the admissibility of [the expert] opinion, but only its weight." Ralston, 275 F.3d at 970 (alteration in original) (quoting Compton v. Subaru of America, Inc., 82 F.3d 1513, 1520 (10th Cir. 1996)).[2]  Therefore, the question before the court is whether a critique of Dr. Belch's copy test survey is "within the reasonable confines" of Dr. Bartkus' subject area. Ralston, 275 F.3d at 970.

At the August 25, 2005 hearing, Dr. Bartkus testified that he has little or no experience with copy test surveys in particular. He also testified, however, that he is very familiar with surveys in general, taught survey methodology at an undergraduate and graduate level for a number of years, and has helped prepare and administer a number of surveys himself. Dr. Bartkus further testified regarding the methodology of performing and critiquing a survey including consideration of: survey design; the universe of the survey; the sample; question design; gathering data; analyzing data; and reporting data. This testimony coincided directly with Dr. Belch's testimony regarding the methodology he employed in conducting his copy test survey.

In Ralston, a board certified orthopaedic surgeon's expert testimony regarding the performance of a particular procedure was excluded where the proposed expert had never performed the procedure at issue, never researched the procedure, and admitted that she "knew

---

[2] The court recognizes Ralston's criticism of Compton, but finds that this disagreement rests primarily on Compton's statement that: "reliance on general principles and concepts is sufficient for admissibility of expert testimony." Ralston, 275 F.3d at 970. Ralston does not specifically dispute the general principle cited here and does not indicate that a lack of specific knowledge was fatal to the admission of expert testimony. Id. ("[T]he Compton court merely held that the trial court did not abuse its discretion when it admitted expert testimony based upon the expert's familiarity with general engineering principles and concepts. That is a far cry from suggesting that a district court always abuses its discretion when it excludes an expert who may have some marginal familiarity with general concepts in the relevant field." (emphasis in original)).

little – if anything – about the subject." Ralston, 275 F.3d at 969. Unlike in Ralston, Dr. Bartkus intends use general survey principles to rebut the testimony of Icon's expert which relies on those same principles. Taking into account that both Dr. Bartkus and Dr. Belch testified regarding the same general principles of surveys, it is clearly well within the reasonable confines of Dr. Bartkus' expertise to offer a critique of Dr. Belch's survey evidence despite his lack of familiarity with specific copy test surveys.

## ORDER

For the reasons set forth, Nautilus' motions in limine to exclude the testimony of Dr. Belch (Dkt. 322 & 324) are DENIED and Icon's motion in limine to exclude the rebuttal testimony of Dr. Bartkus (Dkt. 349) is DENIED.

SO ORDERED this 29th day of August, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge