IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., <br><br>                     Plaintiff, <br><br>     vs. <br><br> THE NAUTILUS GROUP, INC., f/k/a DIRECT FOCUS, INC., and NAUTILUS/SCHWINN FITNESS GROUP, INC. <br><br>                     Defendants. | ORDER AND MEMORANDUM DECISION <br><br><br> 1:02 CV 109 TC |

Icon Health & Fitness, Inc., commenced this lawsuit against The Nautilus Group, Inc. Icon's Complaint included allegations of trademark infringement, false advertising, and false marking. (See Compl.) These claims were tried to a jury, which returned a special verdict finding that Nautilus (1) infringed Icon's "Soft Strider" mark, which is used in connection with treadmills; (2) engaged in false advertising when marketing its Power Rods, a component of Nautilus's BowFlex exercise machine; and (3) engaged in false marking by incorrectly indicating that the Power Rods were patented or were made with patented technology. (Special Verdict, 1-2.)

A short time before trial, the parties disputed the propriety of seeking a jury verdict on Icon's claims. The court determined that the jury trial should proceed, but requested that the parties file briefs addressing whether the verdict rendered by the jury should be considered binding on the court or merely advisory. Since receiving those briefs, the court has had the matter under advisement.

In an order issued on March 23, 2006, the court concluded that regardless of whether the jury's verdict was binding or advisory, the record contained sufficient evidence to support the jury's determination of liability and the court expressly adopted that finding. That order did not address the appropriateness of the amount of damages awarded by the jury.

Both parties have urged this court to adjust the damages amount awarded by the jury.[1] The court has reviewed the parties' arguments addressing the issue of damages and once again finds it unnecessary to delve into the question of whether the jury's action--this time in respect to damages--is binding or advisory. The jury awarded Icon $7,478,744.08 in damages on its false advertising claim and $367,843 on its trademark infringement claim. Both amounts are reasonable and are more than adequately supported by the record. Even if the jury's determination is not binding, the court would choose to adopt it.

The parties correctly argue that this court has considerable discretion in fashioning a damages award under the Lanham Act. See 15 U.S.C. § 1117; see also Estate of Bishop v. Equinox Intern. Corp., 256 F.3d 1050, 1058 (10th Cir. 2001) ("[D]istrict courts have wide discretion in fashioning a remedy for a violation of the Lanham Act.") (Baldock, J., concurring and dissenting). The court, in deciding to adopt the jury's damages finding, has weighed and considered the particular circumstances of this case and concludes that the award rendered by the

---

[1] As with the parties' strikingly divergent positions concerning the appropriate false-marking penalty to impose, which was discussed at length in the court's March 23, 2006 order, the parties put forward drastically different assessments of the amount of damages that the court should impose in lieu of the jury's verdict. For example, Icon indicates that the court should abandon the jury's award of $7,478,744.08 on Icon's false advertising claim and instead impose a damages award of $434 million. (See Pl. Icon's Br. that the Jury's Verdict is Binding as to Fact of Profits, and the Court Should Use Its Discretion to Increase the Amount of Profits, 18-19.) In contrast, Nautilus argues that "an appropriate award [for the false advertising claim] would fall between $17,934 and $251,078." (Def. Nautilus' Memo. of Points and Auths. Regarding the Advisory Nature of the Jury's Verdict, 17.)

jury is equitable.

The jury's award of $7,478,774.08 to Icon on its false advertising claim and the jury's award of $367,843 to Icon on its trademark infringement claim are hereby adopted by the court and judgment on those claims is entered accordingly.

SO ORDERED this 3rd day of April, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge